CARTER, Former Collector of Internal Revenue, v. BAUMAN.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1927.

No. 5098.

Internal revenue ⬅12—Brandy stolen from fortifying room of bonded winery, while locked and key held by government officer, held not taxable; "distillery or other bonded warehouse;" "warehouse" (Act Nov. 23, 1921, § 5 [Comp. St. § 10138⅘d]; Comp. St. § 6009; Act Feb. 24, 1919 [40 Stat. 1112]).

Fortifying room of bonded winery, built for deposit, storage, and use of brandy when used to fortify wine on which internal revenue tax has not been paid, *held* "distillery or other bonded warehouse," within Act Nov. 23, 1921, § 5 (Comp. St. § 10138⅘d), in view of Rev. St. § 3271 (Comp. St. § 6009), and Act Feb. 24, 1919 (40 Stat. 1112), so that brandy stolen therefrom while it was locked and key held by government officer was not taxable; "warehouse" being storehouse for the safe-keeping of goods and merchandise.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Distillery Bonded Warehouse; First and Second Series, Warehouse.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Paul J. McCormick, Judge.

Action by Jacob Bauman against John P. Carter, former United States Collector of Internal Revenue, Sixth District of California. Judgment for plaintiff (14 F.[2d] 118), and defendant brings error. Affirmed.

Dan. J. Chapin, of Los Angeles, Cal., for plaintiff in error.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant in error.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment in favor of the plaintiff upon an agreed statement of facts. It appears from the agreed statement that on November 15, 1920, the defendant in error was the proprietor of a bonded winery located at Lankershim, in the state of California, and had given bond to the United States conditioned that he would comply with all laws and regulations respecting the production and fortification of all wines produced, and account for all brandy used in such fortification; that the winery premises so bonded included a room known and designated as a fortifying room; that the fortifying room was a part of

the bonded winery, was constructed in conformity with the laws and regulations applicable thereto, and was under the joint control of the plaintiff in error and the storekeeper gauger assigned by the plaintiff in error to take charge thereof; that there was stored in said fortifying room on the above date a certain quantity of taxable gallons of grape brandy, placed therein under the supervision of the plaintiff in error as collector of internal revenue; that the only door to the fortifying room was secured by a government lock attached thereto under the direction of the plaintiff in error, and that the key to such lock was at all times in the possession of some government officer; that some time during the early hours of the evening of the above date the door to the fortifying room was forced open by parties unknown to the plaintiff in error and the defendant in error, and the brandy contained therein was stolen therefrom without negligence, connivance, collusion, or fraud on the part of the defendant in error; that after the theft of such brandy the Commissioner of Internal Revenue assessed taxes thereon against the defendant in error in the sum of $1,805.98, and that the taxes so assessed were paid under protest. Section 5 of the Act of November 23, 1921 (42 Stat. 223, [Comp. St. § 10138⅘d]), provides:

"If distilled spirits upon which the internal-revenue tax has not been paid are lost by theft, accidental fire, or other casualty while in the possession of a common carrier subject to the Transportation Act of 1920 or the Merchant Marine Act, 1920, or if lost by theft from a distillery or other bonded warehouse, and it shall be made to appear to the commissioner that such losses did not occur as the result of negligence, connivance, collusion, or fraud on the part of the owner or person legally accountable for such distilled spirits, no tax shall be assessed or collected upon the distilled spirits so lost, nor shall any tax penalty be imposed or collected by reason of such loss, but the exemption from the tax and penalty shall only be allowed to the extent that the claimant is not indemnified against or recompensed for such loss."

The only question presented for decision is based on the contention that the fortifying room of a bonded winery is not a distillery or other bonded warehouse, within the purview of the Act of November 23, 1921, supra. We do not think that the act should be thus narrowly construed. The fortifying room bears the same relation to the winery that a distillery warehouse bears to the distillery. Section 3271 of the Revised Statutes (Comp. St. §

6009) provides that every distiller shall provide, at his own expense, a warehouse to be situate on and to constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture until the tax thereon shall have been paid; that no door, window, or other opening shall be made or permitted in the walls of such warehouse leading into the distillery, or into any other room or building; that such warehouse, when approved by the Commissioner of Internal Revenue, on the report of the collector, shall be a bonded warehouse of the United States, to be known as a distillery warehouse, and shall be under the direction and control of the collector of the district and in charge of an internal revenue storekeeper assigned thereto by the Commissioner.

Other sections provide that the storekeeper assigned to any distillery warehouse shall have charge of the distillery connected therewith, and every storekeeper shall have charge of the warehouse to which he is assigned and of such distillery, under the direction of the collector controlling the same; that every distillery warehouse shall be in the joint custody of the storekeeper and the proprietor thereof; that the distillery warehouse shall be kept securely locked and shall at no time be unlocked, or opened, or remain open, unless in the presence of the storekeeper, or other person who may be designated to act for him, as provided by law, and that no articles shall be received in or delivered from such warehouse, except on an order or permit addressed to the storekeeper and signed by the collector having control of the same.

Other acts of Congress, such as the Act of February 24, 1919 (40 Stat. 1112), provide that, under such regulations and official supervision, and upon the execution of such entries and the giving of such bonds, bills of lading, and other security as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe, any producer of pure sweet wines, as therein defined, may withdraw wine spirits from any special bonded warehouse, free of tax, in original packages, in any quantity not less than eighty wine gallons, and may use so much of the same as may be required by him, under such regulations, and after the filing of such notices and bonds, and the keeping of such records and the rendition of such reports as to materials and products and the disposition of the same as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe, in fortifying

pure sweet wines made by him, and for no other purpose; and the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, is authorized, whenever he shall deem it to be necessary for the prevention of violations of the act, to prescribe that wine spirits so withdrawn shall not be used to fortify wines, except at a certain distance prescribed by him from any distillery, rectifying house, winery, or other establishment used for producing or storing distilled spirits, or for making or storing wines, other than wines which are so fortified, and that in the building in which such fortification of wines is practiced, no wines or spirits other than those permitted by his regulation shall be stored.

The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, promulgated regulations prescribing the location, mode of construction, and use to be made of fortifying rooms connected with wineries, substantially identical with the regulations prescribed by the Revised Statutes for warehouses connected with distilleries, and by these regulations the collector of internal revenue and the storekeeper are given complete control and dominion over the fortifying rooms and their contents.

It was the purpose of the act of 1921 to relieve the owner from the payment of the tax on distilled spirits when lost by theft, without fault on his part, while out of his possession and beyond his control. This is made manifest by the provision relieving the taxpayer, not only where the distilled spirits are stolen from a distillery or other bonded warehouse, but likewise where they are stolen while in the possession of a common carrier subject to the Transportation Act of 1920 (41 Stat. 456), or the Merchant Marine Act of the same year (Comp. St. § 8146¼ et seq.). A warehouse is defined as a storehouse for the safe-keeping of goods and merchandise, and a fortifying room comes within that definition. It is likewise bonded, because the proprietor has given a bond to the United States, conditioned that he will comply with all laws and regulations respecting the production and fortification of all wine products, and account for all brandy used in such fortification.

We think, therefore, that the theft of the brandy from the fortifying room, while in the custody and under the control of the agents of the government, relieved the defendant in error from the payment of the tax thereon, and that the tax was wrongfully imposed.

The judgment of the court below is affirmed.